**NATIONAL ASSOCIATION OF HOME BUILDERS OF THE UNITED STATES and New Jersey Builders Association, Plaintiffs,**

v.

**State of NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION and Robert C. Shinn, Jr., Commissioner of the Department of Environmental Protection, Defendants.**

**No. CIV.A.98–2514 (GEB).**

United States District Court, D. New Jersey.

Aug. 12, 1999.

Paul H. Schneider, Giordano, Halleran & Ciesla, P.C., Lincroft, NJ, for Plaintiffs, National Association of Home Builders of the United States and New Jersey Home Builders Association.

Peter Verniero, Attorney General of New Jersey, Lewin Weyl, Deputy Attorney General, Rachel Horowitz, Deputy Attorney General, Office of New Jersey Attorney General, R.J. Hughes Justice Complex, Trenton, NJ, for Defendants, State of New Jersey Department of Environmental Protection and Robert C. Shinn, Jr., Commissioner of the Department of Environmental Protection.

Edward Lloyd, Ann Alexander, Rutgers Environmental Law Clinic, Newark, NJ, for Defendant–Intervenors, Hudson River Walkway Conservancy, Natural Resources Defense Council, American Littoral Society, New York/New Jersey Baykeeper, Coalition for a Better Waterfront, Fund for a Better Waterfront, and Friends of Weehawken Waterfront.

## OPINION

BROWN, District Judge.

### I. *Introduction*

There are three motions in the above-captioned matter presently before the Court for consideration: 1) Plaintiffs, National Association of Home Builders of the

United States and New Jersey Home Builders Association's (hereinafter "Plaintiffs"), Motion for Summary Judgment; 2) Defendants, State of New Jersey Department of Environmental Protection and Robert C. Shinn, Jr., Commissioner of the Department of Environmental Protection's (hereinafter "Defendants"), Cross–Motion for Summary Judgment; and 3) Defendant–Intervenors, Hudson River Walkway Conservancy, Natural Resources Defense Council, American Littoral Society, New York/New Jersey Baykeeper, Coalition for a Better Waterfront, Fund for a Better Waterfront, and Friends of Weehawken Waterfront's (hereinafter "Defendant–Intervenors"), Cross–Motion for Summary Judgment. For the reasons set forth herein, Plaintiffs' motion for summary judgment is denied. Furthermore, Defendants' cross-motion for summary judgment is granted in part and denied in part. Similarly, Defendant–Intervenors' cross-motion for summary judgment is granted in part and denied in part.

## II. *Background and Procedural History*

Plaintiffs, National Association of Home Builders of the United States and New Jersey Home Builders Association, are organizations representing the "shelter industry" on both the state and national level. *See* Brief on Behalf of Plaintiffs National Association of Home Builders of the United States and New Jersey Builders Association in Support of Motion for Summary Judgment (hereinafter "Pl. Motion") at pp. 8–9. More specific to this matter, certain individuals in Plaintiffs' organizations own property in the Hudson River Waterfront Area, which measures approximately 17.4 miles along the Hudson River between the George Washington Bridge in Bergen County and the Bayonne Bridge in Hudson County and includes the municipalities of Bayonne, Jersey City, Hoboken, Weehawken, West New York, Guttenberg, North Bergen, Edgewater, and Fort Lee. *Id.* at p. 4; February 14, 1999 Affidavit of Larry Waldman (hereinafter "Aff. of Larry Waldman") at ¶ 8. By way of regulation, development along the Hudson River Waterfront Area is subject to the Hudson River Waterfront Area Rule, N.J.A.C. 7:7E–3.48 (hereinafter "Rule"), which was promulgated pursuant to New Jersey's Waterfront Development Law, N.J.S.A. 12:5–1 *et seq. See* Pl. Motion at pp. 4–5.

Plaintiffs challenge the Rule on their own behalf and on behalf of their members on the ground that it constitutes a facially unconstitutional taking under the Fifth Amendment of the United States Constitution made applicable to the states through the Fourteenth Amendment. *Id.* at pp. 4, 8. Specifically, Plaintiffs allege that the Rule is unconstitutional because it requires all owners of property within the Hudson River Waterfront Area desiring a New Jersey Department of Environmental Protection (hereinafter "NJDEP") waterfront development permit to, without compensation: 1) construct and maintain, at the owner's expense, a thirty-foot wide walkway along the entire waterfront of the property, to be built to standards specified in NJDEP regulations (hereinafter "Walkway"); 2) convey to NJDEP a conservation easement for the Walkway; and 3) allow perpendicular public access to the Walkway. *Id.* The Rule was promulgated in 1988 and contains detailed criteria and specifications for the Walkway, including dimensions, construction materials, landscaping, and lighting. *See* Brief in Opposition to Plaintiffs' Motion for Summary Judgment and in Support of Defendant Intervenors' Cross–Motion for Summary Judgment (hereinafter "Def.-Int. Cross–Motion and Opp.") at p. 2. Since the Rule's promulgation in 1988, approximately ten miles of the Walkway have been developed or permitted for development, with an additional five miles to be developed when currently existing uses change or cease. *Id.* at pp. 6–7.

Ten years after the Rule's promulgation, on or about May 29, 1998, Plaintiffs filed the instant action, seeking declaratory and injunctive relief alleging that the Rule was unconstitutional. *See* Brief of Defendants

# 357

State of New Jersey Department of Environmental Protection and Robert C. Shinn, Jr., Commissioner, in Support of Motion to Dismiss or for Abstention or for Summary Judgment in Favor of Defendants, and in Opposition to Plaintiffs' Motion for Summary Judgment (hereinafter "Def. Cross–Motion and Opp.") at p. 4. On or about February 16, 1999, Hudson River Walkway Conservancy, Natural Resources Defense Council, American Littoral Society, New York/New Jersey Baykeeper, Coalition for a Better Waterfront, Fund for a Better Waterfront, and Friends of Weehawken Waterfront were permitted to intervene in the defense of the action. *Id.* The Plaintiffs' motion for summary judgment and Defendant's and Defendant–Intervenors' cross-motions followed.

## III. *Discussion*

### A. *Summary Judgment Standard*

Summary judgment may be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56; *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden of showing that no genuine issue of material fact exists rests initially on the moving party and this "burden ... may be discharged by 'showing' ... that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.,* 477 U.S. at 317, 106 S.Ct. 2548. Once a properly supported motion for summary judgment is made, the burden shifts to the nonmoving party to go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). There is no genuine issue for trial unless the nonmoving party can demonstrate that there is sufficient evidence favoring the nonmoving party so that a reasonable jury could return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In this regard, the nonmoving party receives the benefit of all reasonable doubts and any inferences drawn from the underlying facts. *See Matsushita Elec.*

*Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). However, the role of the court at this stage is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505.

### B. *Pending Summary Judgment Motions*

While the present summary judgment motions delve into various procedural arguments, including arguments based on the Eleventh Amendment, statute of limitations, and numerous abstention and justiciability doctrines, at the heart of the present matter is whether any of the physical characteristics of the property at issue support Plaintiffs' taking challenge under the Fifth and Fourteenth Amendments of the United States Constitution. *See* U.S. Const. Amend. V (requiring "just compensation" when "private property be taken for public use"). In this regard, depending upon how the property is grouped, it appears that there are two or three categories of property which must be examined. First, there is that large portion of the property at issue which was submerged under the Hudson River, was artificially filled in, and upon which the Walkway has been built or will be built. Second, there is a much smaller portion of private property that was not submerged under the Hudson River, but upon which the Walkway has been built or will be built. Finally, there is that portion of private property upon which access to the Walkway has been built or will be built. The first category of property enumerated above shall be referred to as "public trust property" for the reasons to be discussed herein. The latter two categories of property enumerated above shall be referred to as "non-public trust property" for the reasons to be discussed herein.

■ Initially, the first category of property, which constitutes 88.7% of the property at issue in this dispute, *see* Aff. of

Larry Waldman at ¶ 8 (noting that 88.7% of the shoreline between the George Washington Bridge and the Bayonne Bridge is artificially filled land that was once submerged and that 96 % of this land is subject to State tidelands grants), shall be referred to as "public trust property" because this land was submerged beneath the Hudson River until such time as it was filled in artificially. *Id.* This specific and very important characteristic of the first category of the property at issue is not disputed by the parties. *See* Def. Cross–Motion and Opp. at p. 32 (noting that "the lands affected by the Hudson River walkway requirement are filled tidelands and public trust lands"); Brief of Plaintiffs National Association of Home Builders of the United States and New Jersey Builders Association in Response to Cross–Motions for Summary Judgment (hereinafter "Pl. Response") at p. 14 (noting that "the Rule is applicable in part to filled land subject to limited rights of access under the public trust doctrine"). It is clear that title to such "public trust property" is subject to the public's right to use and enjoy the property, even if such property is alienated to private owners. Neither side disputes this as well. *See* Def.-Int. Cross–Motion and Opp. at pp. 20–21 (noting that "[w]here tidally flowed lands are alienated to private owners ... the Court has held that those lands remain 'impliedly impressed with certain obligations on the grantee to use the conveyed lands only consistently with the public rights therein.' ") (citation omitted); Pl. Response at p. 3 (noting that "Plaintiffs do not contest that State law establishes a right of public access to lands flowed by the tides for purposes of navigation, fishing, bathing, swimming and other activities.") (citing *Borough of Neptune City v. Borough Avon–By–The–Sea,* 61 N.J. 296, 294 A.2d 47 (1972)). This right of the public to use

and enjoy such "public trust lands" does not disappear simply because the land that was once submerged is filled in. *See Matthews v. Bay Head Improvement Ass'n,* 95 N.J. 306, 317, 471 A.2d 355 (1984) (noting that "[t]he seashore was not private property, but 'subject to the same law as the sea itself, and the sand or ground beneath it.' ") (citation omitted), *cert. denied,* 469 U.S. 821, 105 S.Ct. 93, 83 L.Ed.2d 39 (1984). Therefore, with respect to the 88.7 % of the property at issue that was once submerged beneath the Hudson River, as correctly noted by the Defendant–Intervenors, "the public already owns rights in the land the Walkway is built on." *See* Reply Brief in Opposition to Plaintiffs' Motion for Summary Judgment and in Support of Defendant Intervenors' Cross–Motion for Summary Judgment (hereinafter "Def.-Int. Reply") at p. 2. Therefore, Plaintiffs do not have the right to exclude public access to this portion of the property. Thus, with respect to 88.7 % of the property at issue, i.e. the "public trust" portion of the property, Plaintiffs' motion is denied and the cross-motions of Defendants and Defendant–Intervenors are granted because Plaintiffs' bundle of rights is limited by the public's right to use and enjoy this portion of the property under the public trust doctrine.[1]

 The latter two categories of property, apparently constituting 11.3 % of the property at issue, shall be referred to as "non-public trust property" because these two categories of property were not submerged beneath the Hudson River. Specifically, it appears that this portion of the property at issue either has small pieces of the Walkway, or access to the Walkway, built upon it. *See* Def.-Int. Reply at p. 14 (noting that the second of two issues remaining for the Court to decide, given that the public trust doctrine gov-

---

1. Moreover, the Rule's requirement that individuals grant the State a conservation easement for the "public trust property" upon which the Walkway is constructed merely memorializes the State's role in protecting the public's right to use and enjoy the property under the public trust doctrine. Therefore, Plaintiffs' argument that the conservation easement somehow demonstrates that the property at issue was not public trust property within the State's control is without merit.

erns a large portion of the land at issue, is "whether the state acted rationally in determining that access across the perpendicular paths and scattered small portions of the Walkway constructed on uplands is 'reasonably necessary' to protect that public's right of access to the remaining 88.7 percent of the Walkway that is situated on tidelands").[2] Plaintiffs' taking claims with respect to this small portion of the property at issue are governed by the reasonableness test enunciated in *Matthews*. *See Matthews v. Bay Head Improvement Ass'n*, 95 N.J. 306, 326, 471 A.2d 355 (1984) (holding that in order to exercise its rights under the public trust doctrine "the public must be given both access to and use of privately-owned dry sand areas as reasonably necessary"), *cert. denied*, 469 U.S. 821, 105 S.Ct. 93, 83 L.Ed.2d 39 (1984). Precisely what is reasonably necessary depends upon an examination of what privately-owned land will be available and required to satisfy the public's rights under the public trust doctrine and includes the following factors: 1) location of the dry sand area in relation to the foreshore; 2) extent and availability of publicly-owned upland sand area; 3) nature and extent of the public demand; and 4) usage of the upland sand area by the owner. *Id.*

█ With respect to this reasonableness test, Defendants and Defendant–Intervenors argue that "plaintiffs offer no credible basis to challenge the state's determination that the limited provisions for public access across uplands established by the Walkway regulations—20 foot perpendicular access paths and a continuous design for the Walkway that crosses over small areas of upland property—are 'reasonably necessary' to protect the public's right to access the tidelands." *See* Def.-Int. Reply at p. 15. Plaintiffs counter that "[t]he *Matthews* decision makes abundantly clear that State law does not permit NJDEP to enforce the Rule without an individualized determination that the Walkway requirements are roughly proportional to the potential impacts of the development of waterfront property." *See* Pl. Response at p. 5. Specifically, in this regard, Plaintiffs assert that *Matthews* requires " 'individualized determinations' ... in connection with assertions of a right of public access to private lands under the public trust doctrine." *Id.* at p. 6. *Matthews*, however, simply does not stand for the proposition that "individualized determinations," as are contemplated by the holding in *Dolan v. City of Tigard,*, 512 U.S. 374, 114 S.Ct. 2309, 129 L.Ed.2d 304 (1994) for dedications or exactions of private land, are a part of the reasonableness test. *See Matthews*, 95 N.J. at 322, 471 A.2d 355 (noting and following the holding in *Borough of Neptune City v. Borough of Avon–By–The–Sea*, 61 N.J. 296, 294 A.2d 47 (1972) which did not rely "on the legal theory of dedication .... Instead, the Court depend-

**2.** According to Defendant–Intervenors, the first of the two issues remaining for the Court to decide, given that the public trust doctrine governs a large portion of the property at issue, is "whether it constitutes an uncompensated taking to require [Plaintiffs] to construct and maintain the Walkway and its landscaping to facilitate the public's enjoyment of its public trust right." *See* Def.-Int. Reply at pp. 13–14. In this regard, Plaintiffs assert that the public trust doctrine does not extend to the State's requirement that Plaintiffs, and others, construct and maintain a walkway on the "public trust property" along the Hudson River. *See* Pl. Response at p. 3. However, such requirements are well within the State's police power in the area of land use regulation. *See, e.g. Ehrlich v. City of Culver City*, 12 Cal.4th 854, 50 Cal.Rptr.2d 242, 911 P.2d 429, 450 (1996) (holding that "the requirement to provide art or a cash equivalent is more akin to traditional land use regulations imposing minimal building setbacks, parking and lighting conditions, landscaping requirements, and other design conditions such as color schemes, building materials and architectural amenities. Such ... conditions have long been held to be valid exercises of the city's traditional police power, and do not amount to a taking merely because they might incidentally ... impose a cost in connection with the property."), *cert. denied*, 519 U.S. 929, 117 S.Ct. 299, 136 L.Ed.2d 218 (1996). The Walkway's design and landscaping requirements are well within the State's land use police power. Thus, Plaintiffs' argument in this regard is without merit.

ed upon the public trust doctrine, impliedly holding that full enjoyment of the foreshore necessitated some use of the upper sand, *so that the latter came under the umbrella of the public trust.*") (emphasis added). *See also Van Ness v. Borough of Deal,* 78 N.J. 174, 179–80, 393 A.2d 571 (1978) (holding that the Borough of Deal's dedication of a portion of a beach for use by its residents only was "immaterial" given the public trust doctrine's requirement that the public be afforded the right to enjoy all dry sand beaches owned by a municipality). Thus, the reasonableness factors to be considered under the *Matthews* test are very clear and do not include "individualized determinations," as are contemplated by the holding in *Dolan v. City of Tigard,* 512 U.S. 374, 114 S.Ct. 2309, 129 L.Ed.2d 304 (1994).

■ Given these factors and the record before the Court at this juncture, reasonableness under *Matthews* with respect to the property at issue which either has small pieces of the Walkway, or access to the Walkway, built upon it simply cannot be determined. Specifically, the record is not clear as to the exact amount of private property at issue that is utilized for access to the Walkway nor is the record clear as to that portion that is utilized for the Walkway itself. All that is somewhat clear from the record is that this property constitutes approximately 11.3 % of the property at issue. *See* Aff. of Larry Waldman at ¶ 8 (noting that 88.7 % of the shoreline between the George Washington Bridge and the Bayonne Bridge is artificially filled land that was once submerged and that 96 % of this land is subject to State tidelands grants). Further, the record is not clear as to how many access ways exist and/or are planned and their location in relation to the Walkway on the private property at issue. Finally, the record is not clear as to nature and extent of the public demand and/or the usage of the upland areas by private owners. Thus, the factual record simply does not exist upon which a determination of reasonableness may be made under *Matthews.* Moreover, even if the factual record were clearer, numerous fact issues would appear to abound in the required reasonableness determination that would preclude summary judgment. Therefore, with respect to the 11.3 % of the property at issue, i.e. the "non-public trust" portion of the property, Plaintiffs' motion for summary judgment is also denied. Further, Defendants' and Defendant–Intervenors' cross-motions are denied with respect to the "non-public trust" portion of the property at issue.

## IV. *Conclusion*

For the foregoing reasons, Plaintiffs' motion for summary judgment is denied. Furthermore, Defendants' and Defendant–Intervenors' cross-motions for summary judgment are granted with respect to the "public trust" portion of the property at issue and denied with respect to the "non-public trust" portion of the property at issue. An appropriate form of Order is filed herewith.

## ORDER

This matter having been brought before the Court on the motion of Plaintiffs, National Association of Home Builders of the United States and New Jersey Home Builders Association, for summary judgment, and upon the cross-motions of Defendants, State of New Jersey Department of Environmental Protection and Robert C. Shinn, Jr., Commissioner of the Department of Environmental Protection and Defendant–Intervenors, Hudson River Walkway Conservancy, Natural Resources Defense Council, American Littoral Society, New York/New Jersey Baykeeper, Coalition for a Better Waterfront, Fund for a Better Waterfront, and Friends of Weehawken Waterfront for summary judgment; the Court having reviewed the moving papers and having heard oral argument on June 7, 1999; for the reasons set forth in the Memorandum Opinion filed in the above-captioned action on this same date; and good cause having been shown;

IT IS on this 12th day of August, 1999;

ORDERED that Plaintiffs' motion for summary judgment be and hereby is DENIED; and

IT IS FURTHER ORDERED that Defendants' cross-motion for summary judgment be and hereby is GRANTED IN PART with respect to the "public trust" portion of the property at issue and DENIED IN PART with respect to the "non-public trust" portion of the property at issue; and

IT IS FURTHER ORDERED that Defendant–Intervenors' cross-motion for summary judgment be and hereby is GRANTED IN PART with respect to the "public trust" portion of the property at issue and DENIED IN PART with respect to the "non-public trust" portion of the property at issue.